## Fishel's Petition

*B. M. Zimmerman*, for petitioner.
*Harold E. Martin*, for heirs.

694

APPEL, P. J., November 14, 1946.—Almost 43 years after the death of Ann Horst (widow of Jacob Y. Horst, deceased) on September 17, 1903, at which time a dower charge on seven lots of land in Falmouth became due and payable and remained unpaid, the petition of Emma B. Fishel, owner of one of the lots, was presented to this court praying that the land owned by her be relieved and discharged from the payment of the dower under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of August 5, 1941, P. L. 810, 20 PS §691, et seq.

This dower charge had been created under proceedings had in this court, as appears in Miscellaneous Book 1865-1867, at page 663 in the Estate of Jacob Y. Horst, deceased. It was set forth in a deed dated March 20, 1868, and recorded in the office of the recorder of deeds for Lancaster County in Deed Book W, vol. 32, page 277, from the trustee in the Jacob Y. Horst Estate, to Archibald Beatty, whereby seven lots of decedent were by said deed conveyed subject to the following charge:

"Subject, nevertheless, to the payment of the lien or dower of One Hundred and Thirty four Dollars the interest whereof at six per cent per annum shall be paid annually unto Ann Horst widow of Jacob Y. Horst, Dec'd; and at her death the principal sum shall be paid to the heirs and legal representatives of the said Jacob Y. Horst, Dec'd. according to law."

The petition of Emma B. Fishel was filed in this court on June 6, 1946, alleging, inter alia, that there is no release on record from the heirs and legal representatives of Jacob Y. Horst acknowledging payment of the dower charge; that for more than 21 years last past no demand for the payment of said dower charge had been made; that petitioner was unable to learn the names and residence of the parties presently interested in said dower charge; and praying that the

real estate owned by petitioner be released and discharged from the dower.

Upon presentation of this petition, the court directed a citation to be issued to the heirs of Jacob Y. Horst, deceased, and all persons interested in the estate of Jacob Y. Horst, deceased, or any persons who might have an interest in said dower charge to appear in court on June 20, 1946, to show cause why the real estate owned in part by said petitioner should not be discharged from the lien of the dower.

To this citation the sheriff of Lancaster County made return that he had made diligent search for the heirs and legal representatives of Jacob Y. Horst, deceased, and any other person having any interest in the charge referred to in the citation, and could find none of them in his bailiwick. Upon the sheriff's return being made on June 20, 1946, the court awarded an alias citation on the heirs and legal representatives of Jacob Y. Horst, or any other persons interested, to show cause why the land described in the original petition filed in the within proceeding should not be discharged from the lien thereof; and ordered notice of this citation to be given by publication in a newspaper of general circulation in the County of Lancaster, and in the Lancaster Law Review once a week for four successive weeks, requiring respondents to appear in this court on August 19, 1946, to show cause why the premises should not be discharged from the lien of the dower charge.

On August 19, 1946, due proof of publication of notice, as required in the above recited order, was filed. At the same time there was filed in this court an answer to the citation by Charles E. Minnich for and on behalf of himself and other heirs and legal representatives of Jacob Y. Horst, deceased, to which answer was attached a schedule of heirs of Jacob Y. Horst and their descendants. On the petition of Emma B. Fishel and on the answer filed by Charles E. Minnich, a hearing

was had in this court on September 11, 1946, at which time certain witnesses were heard, and a deed produced, dated June 1, 1935, and recorded in the recorder's office at Lancaster, Pa., in Deed Book K, vol. 35, page 35, whereby Jacob Fallinger granted and conveyed to Emma B. Fishel, petitioner, the premises owned by Emma B. Fishel in the Village of Falmouth, as described in the present proceedings.

It was shown that upon the petition of the widow and heirs of Jacob Y. Horst, deceased, John Kob was appointed trustee to sell in partition lots nos. 94, 95, 96, 97, and 101, 103, 104, 105 in the Village of Falmouth, Conoy Township, Lancaster County, Pa., under the terms that one third of the purchase money should remain charged on said premises for the benefit of Ann Horst, the widow, during life, and the balance to be payable in cash on April 1, 1868. Pursuant to said order John Kob, trustee, sold and conveyed seven of said lots to Archibald Beatty, subject to dower charge above recited.

It appears that the deed to Emma B. Fishel before recited is for one of said lots, but there is no reference in her title deed as to which of said lots she owns. Since 1901 they have not been referred to by lot numbers.

Charles E. Minnich, who filed an answer to the petition for the satisfaction of the dower charge, testified at the hearing that he was a grandson of Jacob Y. Horst and Ann Horst, his widow, and had no notice or knowledge of the dower charge until the summer of 1946, and apparently knew nothing about the dower charge since the death of his grandmother on September 7, 1903. Apparently, of the original seven lots owned by his grandfather, two are now owned by the Falmouth Cemetery Association, and there is only one house on one of the lots, which is owned by Emma B. Fishel. Other testimony was offered at this hearing to which the court does not now deem it necessary to refer, because none of the testimony indi-

cates any knowledge on the part of the heirs of Jacob Y. Horst of the facts surrounding the creation of said dower charge until the institution of the present proceeding to have the real estate discharged from the lien thereof, and respondent who appeared at the hearing admitted that there was no payment, claim or demand made against petitioner in this proceeding on account of the dower charge.

The Act of April 27, 1855, P. L. 368, sec. 7, 12 PS §80, provides as follows:

"That in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable: . . ."

The provision in this section of the Act of 1855 must be considered along with the provision of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended. Both of said acts are in the nature of statutes of repose, and together provide statutory regulations whereby the rights of parties interested in the receipt and in the payment of certain charges on real estate are determined insofar as said parties come within the provisions of said acts; real estate apparently encumbered by or subject to certain liens may be unfettered and be discharged from said liens.

In Johnson's Petition, 18 Dist. R. 1033, it was found that a dower charge in partition proceedings is within the provisions of the Act of April 27, 1855, P. L. 368, above recited.

Upon the facts above set forth, on the basis of petition and the answer filed thereto, and the testimony produced by respondent, it is the opinion of this court

that petitioner has brought herself within the provisions of the Fiduciaries Act of 1917, as amended, and is entitled to a decree discharging the real estate described in her petition from the lien, operation and effect of the dower charge therein set forth.